IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHELLE MELLEMA,

    Plaintiff,

  vs.                      No. 2:12-cv-2526 MCE GGH PS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.           <u>ORDER</u>

                              /

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

1

1  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6            A complaint must contain more than a "formulaic recitation of the elements of a
7  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
9  "The pleading must contain something more...than...a statement of facts that merely creates a
10 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
11 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
12 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
13 v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
14 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows
15 the court to draw the reasonable inference that the defendant is liable for the misconduct
16 alleged." Id.

17            Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519,
18 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
19 Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se
20 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
21 dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22            The complaint alleges that the Social Security Administration refused to pay all of
23 plaintiff's back pay. Plaintiff claims that she "already went through required mandatory 3
24 installments," citing "42 Chapter 7 § 416.545," which is not a valid cite.[1] The complaint further

25

26   [1] If plaintiff intends to reference 20 C.F.R. § 416.545, that section requires payment of
     large past due benefits in installments. Subsection (b) provides that such installment payments

2

alleges that plaintiff is in need of medical supplies, dental work, and in home cleaning which are not covered.  Although the complaint contains exhibits which include a Social Security Notice of Award and information regarding back benefits, there is no allegation or exhibit indicating that plaintiff has exhausted these claims.  The complaint states only that plaintiff has "gone through steps at the national level to resolve this."  Therefore the court has no jurisdiction over claims for which exhaustion is required.

The Social Security Act provides only for judicial review of final decisions of the Commissioner of Social Security.  42 U.S.C. § 405(g).  Section 405(g) requires a final judgment from the Secretary before seeking judicial review.  The Commissioner has promulgated regulations that define a "final decision."  Under these regulations, a claimant must follow a set procedure: (1) an initial  decision in the state agency; (2) a request for reconsideration thereof; and (3) a request for a hearing before an Administrative Law Judge ("ALJ") for the Social Security Administration.  20 C.F.R. §§ 404.933, 416.1433.  Regardless of whether the ALJ grants the hearing, the claimant must take a fourth step and appeal the ALJ's decision to the Appeals Council.  A "final decision" of the Secretary results only if the Appeals Council grants the review and renders a decision in the case, or if the claimant makes a timely demand for review that is denied.  20 C.F.R. §§ 404.981, 416.1481; Heckler v. Day, 467 U.S. 104, 106-7 (1984).

Plaintiff will be permitted to amend her complaint to show that she has exhausted her claims.  Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa County, 693

---

"will be paid in not more than 3 installments...."

F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint, the original pleading no longer serves an operative function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: December 14, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Mellema2526.amd.wpd